IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOUGHERTY, ET AL.,<br><br>　　　　　　Defendants. | CRIMINAL No. 21-cr-00065-JLS |

**DEFENDANT JOHN DOUGHERTY'S RESPONSE TO THE GOVERNMENT'S MOTION TO ADMIT SIMILAR CRIMES AND ACTS OF JOHN DOUGHERTY AND GREGORY FIOCCA PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE**

　　　　In its motion to admit evidence pursuant to Rule 404(b) of the Federal Rules of Evidence (the "Motion"), the Government makes unmistakably clear that its trial strategy revolves around proffering to the jury the false premise that nepotism is equivalent to extortion.  Lacking any evidence that the Defendants entered into an extortionate conspiracy – because they did not – the Government wants the Court to allow it to substitute stale, irrelevant, and plainly unfairly prejudicial instances of past conduct for proof that an actual federal crime occurred.

　　　　Factually, the Government has alleged that Mr. Fiocca got into a fistfight on a job site and, after the fact, Mr. Dougherty declined to take adverse employment action against him. Legally, the Government concludes that Mr. Fiocca's fistfight commenced a conspiracy to commit extortion between himself and Mr. Dougherty.  The Government's problem is that it must prove that a conspiratorial agreement to commit extortion was entered between the Defendants.  Lacking any such evidence, the Government is trying to reconstitute its burden. Now, the Government is proffering that evidence that Mr. Dougherty took favorable actions

toward family members, including Mr. Fiocca, nearly a decade ago somehow proves a conspiracy was formed in August 2020.  (Indictment 2 ¶ 6).  Why?  Not because it constitutes direct or indirect evidence of a conspiracy.[1]  Rather, according to the Government, because nepotistic behavior is equivalent to extortionate behavior.  Having constructed for itself a burden of proof having no relation to Hobbs Act extortion, the Government is requesting the Court let it prove nepotism instead.  The Court must decline and hold the Government to its burden.

In the Motion the Government attempts to repurpose wiretap evidence obtained pursuant to a wiretap authorized over an eighteen month period in 2015 through 2016 as part of its separate case against Mr. Dougherty.[2]  As a threshold matter, as the Government must proffer a foundation for these recordings, it must reveal to the jury that Mr. Dougherty was under separate investigation for separate offenses for years prior to the events charged in this case.  This is demonstrably unfairly prejudicial to Mr. Dougherty as it encourages the jury to speculate as to the nature of the other investigation into Mr. Dougherty, with no probative value to counter-balance this prejudice.[3]

---

[1] Direct evidence, also known as intrinsic evidence, "must be either directly probative of one of [the elements of the charged crime] or ***an uncharged contemporaneous*** act that facilitates the commission of [the charged crime]." *United States v. Shelow*, No. 10-0037, 2011 U.S. Dist. LEXIS 141626, at *9 (E.D. Pa. Dec. 8, 2011) (emphasis added). Evidence that is not intrinsic, must be analyzed under the rubric of Rule 404(b).  And, where such an analysis is required, "a mantra-like recitation" of the permissible purposes under 404(b) is insufficient to justify admission of the evidence. *United States v. Morley*, 199 F.3d 129, 137 (3d Cir. 1999) ("Neither a trial court nor an appellate court is comforted when a proponent attempts to justify 'bad act' evidence by resorting to a mantra-like recitation of the provisions of Rule 404(b).").

[2] Mr. Dougherty hereby joins co-Defendant Fiocca's response (Dkt. No. 68) and incorporates the arguments contained therein by reference.

[3] While the Government has yet to designate specific calls for use at trial, in discovery provided in this action, the Government has identified a number of recordings that have no relevance to the extortion charges that Mr. Dougherty faces.  For example, there are various calls in which Mr. Dougherty discusses tickets to sporting events that he has

The Indictment charges that in August 2020, Mr. Dougherty and Mr. Fiocca conspired to and committed Hobbs Act Extortion in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. §1951(b)(2). But, nepotism is not extortion. Nepotism does not make it more likely that extortion occurred. Nepotism is not a federal crime; it is not a crime at all. Thus, evidence of Mr. Fiocca's previous job performance, and Mr. Dougherty's efforts to manage Mr. Fiocca, are simply irrelevant to whether Mr. Dougherty deliberately conspired to or did indeed extort this specific contractor in August of 2020 in violation of the Hobbs Act. Rather, these carefully selected, isolated past instances would serve only to prejudice Mr. Dougherty's character in the eyes of the jury and to unnecessarily lengthen the trial. And, what the evidence demonstrates is that Mr. Dougherty, as Local 98's business manager, took the side of one of his members in a labor dispute. This is exactly the type of conduct that labor laws condone, if not mandate.

Even worse, the Government tries to expand its theory to capture evidence that "[b]etween 2013 and 2016, Dougherty caused Local 98 to pay two members of his family for time they were not working." (Gov'ts Mot. at 1.) The Government doesn't bother explaining what Mr. Dougherty's alleged conduct with respect to other family members – which, evidently, did not graduate to extortion in the Government's eyes – has to do with whether Mr. Dougherty and Mr. Fiocca entered into a conspiratorial agreement to commit extortion in August 2020. While offering no support for the Government's charges, its proffer of this evidence makes crystal clear the Government's intention to make this trial about whether Mr. Dougherty vaguely "favored" family members in his conduct as Local 98 business manager and its strategy to

---

provided to Mr. Fiocca and others. These conversations have no relevance to whether or not Mr. Dougherty and Mr. Fiocca were parties to a conspiracy to extort, and indeed, did extort, the contractor referenced in the Indictment nearly five years later, in August 2020. This is but further evidence of the Government's effort to tarnish Mr. Dougherty's reputation and character before the jury, rather than try the case on the facts directly at issue.

convince the jury that doing so is somehow illegal under the guise of a Hobbs Act charge. And, as a practical matter, the introduction of this evidence would necessarily result in a trial within a trial. Mr. Dougherty would be forced to offer evidence regarding each and every employment decision put at issue by the Government as well as many other employment decisions the Government has not sought to criminalize. This evidence, while not only irrelevant, would distract the jury from the true issues at trial.

Thus, given the lack of any relevance of the evidence identified in the Motion to the charges that Mr. Dougherty faces during the upcoming trial, and the unfairly prejudicial nature of this evidence and the manner and circumstances in which the Government acquired it, Mr. Dougherty respectfully requests that the Court deny the Government's motion to admit this evidence at trial.

| Dated: April 25, 2022 | Respectfully submitted,<br><br>*/s/ Henry E. Hockeimer, Jr.*          .<br>Henry E. Hockeimer, Jr. (I.D. No. 86768)<br>Emilia L. McKee Vassallo (I.D. No. 318428)<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103<br>Phone:  (215) 665-8500<br>Facsimile:  (215) 864-8999<br><br>*Attorneys for Defendant*<br>*John Dougherty* |