IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21 - 65 |
| JOHN DOUGHERTY<br>GREGORY FIOCCA | : | |

**ORDER**

AND NOW, this _____ day of May 2022, upon consideration of the parties' Joint Motion to Continue, the Court finds that the ends of justice served by granting a continuance of the trial outweigh the interests of the public and the defendants in pursuing a speedy trial.

The Court finds that a continuance is appropriate given the current trial schedule of defense counsel, and that failure to grant a continuance would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Therefore, pursuant to 18 U.S.C. §3161(h)(7)(A), it is hereby ORDERED that the trial date in the above-captioned case be continued from May 11, 2022, until _____.

The Court further finds that the ends of justice served by continuing the trial to March 28, 2022, and May 5 and 11, 2022 outweighed the interests of the public and the defendants in pursuing a speedy trial, because the failure to grant a continuance would have denied counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

It is further ORDERED that the time from February 28, 2022, to the new trial date should be excluded from the time within which the trial is to commence under 18 U.S.C. §3161(c)(1).

BY THE COURT:

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21 - 65 |
| JOHN DOUGHERTY<br>GREGORY FIOCCA | : | |

## JOINT MOTION TO CONTINUE TRIAL

Defendants John Dougherty and Gregory Fiocca and the Government jointly move to continue the trial in this matter, and state as follows:

1. On March 2, 2021, a grand jury sitting in the Eastern District of Pennsylvania returned a 19-count Indictment charging the above-named defendants with conspiracy to commit extortion, and extortion, in violation of 18 U.S.C. §§ 1951(a) and (b)(2). On March 18, 2021, this Court scheduled the trial for May 10, 2021.

2. On April 9 and 12, 2021, respectively, counsel for defendants John Dougherty and Gregory Fiocca filed motions to continue the trial. On April 13, 2021, this Court granted the defense motions, and continued the trial to November 8, 2021.

3. On November 5, 2021, the parties filed a joint motion to continue the trial. The same day, this Court continued the trial until February 28, 2022.

4. On December 6 and 8, 2021, the Court held a conference call with the parties, at which time counsel for defendant John Dougherty stated that, because of the trial on certain counts of Indictment No. 19-64 that had recently concluded, and the pending trial on the remaining counts of Indictment No. 19-64, he needed more time to adequately prepare for the

trial of the instant case. On December 13, 2021, the Court continued the trial to March 28, 2022. Docket Nos. 36 and 37.

5. On February 14, 2022, the Court held a conference call with the parties, at which time counsel for the defendants stated that they needed additional time to prepare for trial, in part, because they had encountered technical problems accessing discovery. That same day, the Court continued the trial to May 5, 2022. Docket Nos. 45 and 46.

6. On April 8, 2022, defendant John Dougherty filed pretrial motions addressing a number of issues. One was a motion for an order requiring the Government to disclose all reports, memoranda, and other documents pertaining to a Confidential Informant who had made a recording that the government intends to use at trial. Defendant Gregory Fiocca joined in the motion.

7. A hearing on the motions was held on April 27, 2022.

8. On May 2, 2022, the Court ruled on the motions, except for the defendants' motion for disclosure described above, stating that:

> The Court and the parties have agreed that the best way to handle this confidential informant issue at this time is for the Court to review any and all information that the informant provided to the Government. The Court will determine whether any of that information is relevant, exculpatory, or infringes upon Dougherty's Sixth Amendment Right to Counsel given that the information was being provided during a separate criminal case against Dougherty and others that this Court is very familiar with. *See United States v. Dougherty, et al*., Eastern District of Pennsylvania, ECF 19-64. Docket No. 73, p. 4, n. 2.

9. On May 2, 2022, "due to the volume of the in-camera investigation to be completed by the Court and the time that the Government brought this issue up and provided the evidence to the Court," the Court continued the trial to May 11, 2022. Docket No. 75.

10. On May 6, 2022, The Court held a telephone conference with all counsel. Docket No. 81. During the call, the Court noted that it was still working on the in camera review and was not certain it could be completed before May 11, 2022. The government agreed to produce some of the materials at issue.

11. Counsel for Gregory Fiocca also noted that he had a trial beginning in late May that could last approximately four to five weeks.

12. For all these reasons, the parties respectfully request a continuance to allow for sufficient time for the Government to produce and defense counsel to review the materials before trial.

13. Excluding from the speedy trial calculation the time from February 28, 2022, to the current trial date, is plainly warranted. Based on the representations of the defense counsel during the conference calls of December 2021, February 14, 2022, and May 6, 2022, it is clear that the circumstances of this case and a related case (Indictment No. 19-64) have interfered with the ability of the defense to prepare for trial, rendering it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" that would apply absent the continuance. *See* §3161(h)(7)(B)(ii).

14. For the reasons set forth above, the ends of justice served by continuing the trial to March 28, 2022, and May 5 and 11, 2022, outweighed the best interest of the public and the defendants to a speedy trial, and the instant request for a continuance likewise outweighs the best interest of the public and the defendants to a speedy trial.

- 4 -

15. Accordingly, the parties respectfully request that this Court enter an order continuing the trial for period of approximately 60 days, and finding excludable delay from February 28, 2022, to the new trial date.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

MICHELLE MORGAN
Assistant United States Attorney
Chief, Corruption and Labor Racketeering Section

/s/ Frank R. Costello, Jr.
FRANK R. COSTELLO, JR.
JASON GRENELL
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants, who are identified below.

Henry Hockeimer
Counsel for Defendant John Dougherty

Rocco Cipparone
Counsel for Defendant Gregory Fiocca.

      /s/Frank R. Costello, Jr.
      FRANK R. COSTELLO
      Assistant United States Attorney

Dated: May 10, 2021