IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   21-65 |
| JOHN DOUGHERTY<br>GREGORY FIOCCA | : | |

**PROTECTIVE ORDER**

AND NOW, this         day of                    2022, upon consideration of the Government's Unopposed Motion for a Protective Order with respect to transcripts of recordings made by a confidential informant, it is hereby ORDERED that the motion is GRANTED.

It is FURTHER ORDERED, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that defense counsel may make such use of the transcripts that are the subject of this motion as is necessary to prepare for trial and for use at trial, including the disclosure of the material to the defendants pursuant to the terms of this order. Any counsel, defendant, or other person to whom disclosure is made pursuant to this Order may not use the discovery materials for any purpose other than preparation for or use at trial and may not disclose the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for trial or for use at trial.

It is FURTHER ORDERED that other than the defendants, the materials may not be disclosed to anyone outside of the law firms of defense counsel. The defendants may inspect and review the materials in the offices and in the presence of their attorneys, but may not possess copies of the materials, nor shall they photograph, copy, capture by video, or reproduce the materials in any way.

Defense counsel shall maintain a log of every person to whom disclosure of the discovery materials is made and shall provide a copy of this order to every such person.

**BY THE COURT:**

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO.   21-65 |
| **JOHN DOUGHERTY**<br>**GREGORY FIOCCA** | : | |

**UNOPPOSED MOTION OF THE UNITED STATES OF AMERICA
FOR A PROTECTIVE ORDER PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)**

The United States of America, through its attorneys, Jennifer A. Williams, United States Attorney, and the undersigned attorneys, respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), limiting the access and use of specific materials - specifically, transcripts of recordings made by a confidential informant (CI) - that the government has agreed to produce to defense counsel, and in support of its motion, avers as follows:

1. On April 8, 2022, defendant John Dougherty filed a motion for an order requiring the government to disclose all reports, memoranda, and other documents pertaining to a Confidential Informant (CI) who had made a recording that the government intends to use at trial in this case. Defendant Gregory Fiocca joined in the motion.

2. On May 2, 2022, the Court ruled on various pretrial motions, except for the defendants' motion for disclosure described above, stating that:

3

  The Court and the parties have agreed that the best way to handle this confidential informant issue at this time is for the Court to review any and all information that the informant provided to the Government. The Court will determine whether any of that information is relevant, exculpatory, or infringes upon Dougherty's Sixth Amendment Right to Counsel given that the information was being provided during a separate criminal case against Dougherty and others that this Court is very familiar with. *See United States v. Dougherty, et al.*, Eastern District of Pennsylvania, ECF 19-64. Docket No. 73, p. 4, n. 2.

  3. On May 6, 2022, during a conference call with the Court and all counsel, the government agreed to produce to the defense, under certain conditions, transcripts of recordings made by the CI. The recordings were previously produced to the Court. The transcripts will also be provided to the Court.

  4. The transcripts contain non-public information, references to individuals not named as defendants, and threats against named and unnamed individuals. Most importantly, it is possible that dissemination of the materials could place the CI in danger.

  5. Absent a protective order, the materials provided to defense counsel could be used to compromise the physical and economic safety and security of the CI, or of other individuals identified in the materials.

  6. To protect the safety of the CI, as well as the privacy interests of persons who are identified in the materials, as well as the safety and privacy interests of the individuals who testified or were interviewed by law enforcement agents in connection with this case and Indictment No. 19-64, the government respectfully requests that the Court enter a protective order limiting the access and use of the transcripts to the preparation for and use at trial.

7. The proposed order prohibits defense counsel from providing copies of the transcripts to the defendants, or allowing the defendants to photograph, copy, capture by video, or reproduce the materials in any way, or review the materials alone. The proposed order also prohibits counsel from disclosing the transcripts to anyone other than the defendants and employees of their law firms and requires that defense counsel maintain a log of and provide a copy of the protective order to every person to whom disclosure of the materials is made.

8. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." *Fed. R. Crim. P. 16(d)(1)*. The Supreme Court has noted that courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, *3-*5 (E.D. Pa. April 15, 1994) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure). In *United States v. Smith*, 776 F.2d 1104, 1114 (3d Cir. 1985), which involved a motion for press access to a bill of particulars naming unindicted coconspirators, even though the Court of Appeals acknowledged that "the public has a substantial interest in the integrity or lack of integrity of those who serve them in public office," it denied the motion, holding that "the risk of serious injury to third parties from disclosure outweighs the interest of the public in access to this limited segment of the bill of particulars."

9.   The transcripts that are the subject of the instant motion are discovery, which will be furnished to defense counsel solely to aid their preparation for trial. Although some of the information in this discovery may be subject to public disclosure if it is subsequently introduced in court or in pleadings, at this stage of the proceedings, the discovery materials at issue are not trial evidence; they are investigatory materials for which no right of access exists or should be created.

10.   Counsel for the defendants do not object to the entry of the proposed order.

WHEREFORE, for the reasons stated above, the government respectfully requests that the Court enter a protective order, pursuant to Rule 16(d)(1), in the form of the proposed order attached to this motion.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

/s/ Frank R. Costello, Jr.
FRANK R. COSTELLO, JR.
JASON GRENELL
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

This is to certify that I have caused to be delivered by electronic filing to the Clerk of Court (resulting in an e-mail copy sent to counsel by the Clerk of Court), a true and correct copy of the within motion, to the following counsel:

Henry Hockeimer
Counsel for Defendant John Dougherty

Rocco Cipparone
Counsel for Defendant Gregory Fiocca

                                         /s/ Frank R. Costello, Jr.
                                         FRANK R. COSTELLO, JR.
                                         Assistant United States Attorney

Date:   May 18, 2022