IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO.  21-65 |
| **JOHN DOUGHERTY**<br>**GREGORY FIOCCA** | : | |

## PROTECTIVE ORDER

AND NOW, this          day of                    2022, upon consideration of the Government's Unopposed Motion for a Protective Order with respect to an internal FBI document pertaining to communications with a Confidential Informant, it is hereby ORDERED that the motion is GRANTED.

It is FURTHER ORDERED, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that defense counsel may make such use of the document that is the subject of the Government's Motion as is necessary to prepare for any pretrial hearings or trial, and for use at any pretrial hearings and trial, pursuant to the terms of this order, including the disclosure of the material to the defendants pursuant to the terms of this order. Any counsel, defendant, or other person to whom disclosure is made pursuant to this Order may not use the material for any other purpose, and may not disclose the document or information contained in the document to any third party, except as required to prepare for any pretrial hearings or trial and for use at any pretrial hearings and trial.

It is FURTHER ORDERED that other than the defendants, the material may not be disclosed to anyone outside of the law firms of defense counsel. The defendants may inspect and

review the material in the offices and in the presence of their attorneys, but may not possess copies of the material, nor shall they photograph, copy, capture by video, or reproduce the material in any way.

Defense counsel shall maintain a log of every person to whom disclosure of the material is made and shall provide a copy of this order to every such person.

It is FURTHER ORDERED that the document that is the subject of the Motion shall not be made public.

                              **BY THE COURT:**

                              _____
                              **HONORABLE JEFFREY L. SCHMEHL**
                              **United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO.  21-65** |
| **JOHN DOUGHERTY** **GREGORY FIOCCA** | : | |

**UNOPPOSED MOTION OF THE UNITED STATES OF AMERICA
FOR A PROTECTIVE ORDER PURSUANT TO
<u>FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)</u>**

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney, and the undersigned attorneys, respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), limiting the access and use of specific material – that is, an internal FBI document providing guidance and direction to special agents about specific admonishments to Confidential Informants (hereinafter, "FBI Advice Document") - that the government is prepared to produce to defense counsel, and in support of its motion, avers as follows:

      1.     On April 8, 2022, defendant John Dougherty filed a motion for an order requiring the government to disclose all reports, memoranda, and other documents pertaining to a Confidential Informant (CI) who had made a recording that the government intends to use at trial in this case. Defendant Gregory Fiocca joined in the motion.

2. On May 2, 2022, the Court ruled on various pretrial motions, except for the defendants' motion for disclosure described above, stating that:

> The Court and the parties have agreed that the best way to handle this confidential informant issue at this time is for the Court to review any and all information that the informant provided to the Government. The Court will determine whether any of that information is relevant, exculpatory, or infringes upon Dougherty's Sixth Amendment Right to Counsel given that the information was being provided during a separate criminal case against Dougherty and others that this Court is very familiar with. *See United States v. Dougherty, et al.*, Eastern District of Pennsylvania, ECF 19-64. Docket No. 73, p. 4, n. 2.

3. On June 17, 2022, defendant John Dougherty filed a Motion to Compel Disclosure of Information Related to The Government's Use of a Confidential Informant. A hearing on the motion and other pending issues related to the informant was held on June 30, 2022. At the conclusion of the hearing, counsel for defendant John Dougherty requested the government to produce a document referred to in testimony pertaining to certain admonishments given to the Confidential Informant.

After consultation with the FBI, the government is willing to produce the requested document, as long the document is not made public and use of the document is strictly limited to use by the defense in this case under the terms of a protective order.

4. The FBI Advice Document contains non-public sensitive law enforcement information that is used internally by the FBI to provide guidance and direction to its agents.

5. To protect the FBI's sensitive internal guidance from unnecessary public disclosure and misuse, the government respectfully requests that the Court enter a protective order limiting the access to and use of the FBI Advice Document to the preparation for and use

4

prior to and at trial in this case, and specifically prohibiting any public disclosure of the document.

6.  The proposed order prohibits defense counsel from providing copies of the document to the defendants, or allowing the defendants to photograph, copy, capture by video, or reproduce the material in any way, or review the material alone. The proposed order also prohibits counsel from disclosing the document to anyone other than the defendants and employees of their law firms and requires that defense counsel maintain a log of and provide a copy of the protective order to every person to whom disclosure of the material is made.

7.  Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." *Fed. R. Crim. P. 16(d)(1)*. The Supreme Court has noted that courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, *3-*5 (E.D. Pa. April 15, 1994) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure). In *United States v. Smith*, 776 F.2d 1104, 1114 (3d Cir. 1985), which involved a motion for press access to a bill of particulars naming unindicted coconspirators, even though the Court of Appeals acknowledged that "the public has a substantial interest in the integrity or lack of integrity of those who serve them in public office," it denied the motion, holding that "the risk of serious

5

injury to third parties from disclosure outweighs the interest of the public in access to this limited segment of the bill of particulars

8. Counsel for the defendants do not object to the entry of the proposed order.

WHEREFORE, for the reasons stated above, the government respectfully requests that the Court enter a protective order, pursuant to Rule 16(d)(1), in the form of the proposed order attached to this motion.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ Frank R. Costello, Jr.
FRANK R. COSTELLO, JR.
JASON D. GRENELL
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

This is to certify that I have caused to be delivered by electronic filing to the Clerk of Court (resulting in an e-mail copy sent to counsel by the Clerk of Court), a true and correct copy of the within motion, to the following counsel:

Henry Hockeimer
Counsel for Defendant John Dougherty

Rocco Cipparone
Counsel for Defendant Gregory Fiocca

/s/ Frank R. Costello, Jr.
FRANK R. COSTELLO, JR.
Assistant United States Attorney

Date:   July 6, 2022