IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 21 - 65 |
| **JOHN DOUGHERTY**<br>**GREGORY FIOCCA** | : | |

**ORDER**

AND NOW, this _____ day of _____ 2023, upon consideration of the joint motion of the government and the defendants, it is hereby **ORDERED** that the trial of this matter will commence on _____. The Court finds that a continuance is appropriate given the circumstances of this case, which include the following:

On March 2, 2021, a grand jury sitting in the Eastern District of Pennsylvania returned a 19-count Indictment charging the above-named defendants with conspiracy to commit extortion, and extortion, in violation of 18 U.S.C. §§ 1951(a) and (b)(2). The trial of this matter has been continued several times for good cause, as reflected in prior orders of this Court.

In April 2022, soon after the government produced a recording it intended to use at the trial of this matter, the defendants in this case filed motions to compel information and materials pertaining to the Confidential Informant (CI) who made the recording. *See* ECF 84. On May 10, 2022, this Court granted the Joint Motion of the parties for a continuance, and continued the trial from May 11, 2022, to July 6, 2022. ECF 85.

On June 15, 2022, the Court held a conference call with all counsel. Following a discussion of pending discovery requests and other issues, the Court agreed to continue the trial to July 11, 2022, to allow the defense additional time to pursue these requests and file pretrial motions prior to the commencement of trial. ECF 90. On June 16, 2022, this Court entered an

order continuing the trial from July 6, 2022, to July 11, 2022. ECF 91. Later that day, the Court entered an order continuing the trial from July 11, 2022, to July 12, 2022, due to a scheduling conflict. ECF 92.

On June 17, 2022, Dougherty filed a motion to compel the government to produce certain documents relating to the CI. ECF 93. Defendant Gregory Fiocca joined in the motion on June 29, 2022. ECF 100. On June 30 and July 6, 2022, the Court held evidentiary hearings on the defendants' motions to compel. ECF 102, 106. On July 7, 2022, this Court granted the motions to compel in part and ordered that "Jury selection and trial scheduled for July 12, 2022, is adjourned because of the ongoing exchange of discovery and the impending pretrial motion(s) that will be filed as a result thereof." ECF 110, 111.

Counsel for Dougherty and government were engaged in plea negotiations encompassing this matter and Cr. No. 19-64 during the rest of July and during the first two weeks of August 2022.

On August 17, 2022, counsel for Dougherty filed a motion to withdraw from this matter and from Cr. No. 19-64.[1] ECF 116. On September 2, 2022, the Court held a hearing on the motion. ECF 120. On September 6, 2022, the Court granted counsel's motion to withdraw, gave Dougherty thirty days to find new counsel, and stayed this case and Criminal Number 19-64 for 30 days. ECF 119.

On September 8, 2022, the Court ruled that the trial of this matter "is not able to proceed to trial at this time and must be continued to a date in the future following the trial in Criminal Action No. 19-64," finding that "[t]he failure to order a continuance in this proceeding would be

---

[1] On January 27, 2022, this Court continued the trial of Cr. No. 19-64 to September 12, 2022. ECF 316. The most recent description of the procedural history of Cr. No. 19-64 is set forth in ECF 507, Cr. No. 19-64 (government's response to defendant Brian Burrows' motion to dismiss).

likely to result in a miscarriage of justice," and "the ends of justice served by continuing this trial outweigh the best interests of the public and all Defendants' speedy trial rights and, therefore, the period of delay from the entry of this Order until the new trial date shall be excluded under the Speedy Trial Act." ECF 121.

On October 26, 2022, the government sent a letter to the Court and counsel, requesting that the Court consider appointing counsel for Dougherty, under certain conditions, if he failed to retain counsel by October 31. On October 31, 2022, defendant Dougherty appeared before the Court and informed the Court that he had not retained new counsel. ECF 127.

On November 2, 2022, the Court appointed Caroline Cinquanto to represent Dougherty in Criminal Number 19-64 and ordered Dougherty to pay $10,000 a month toward the cost of his defense. ECF 372, Cr. No. 19-64. On January 9, 2023, the Court continued the trial of Cr. No. 19-64 until April 24, 2023. ECF 407, Cr. No. 19-64.[2]

During a conference call with the Court in Cr. No. 19-64 on April 25, 2023, Gregory Pagano stated that he had reached an agreement with John Dougherty to represent him in this matter and Cr. No. 19-64. ECF 476, Cr. No. 19-64. On April 28, 2023, after being informed that Dougherty had recently acquired the funds to retain Mr. Pagano, the Court continued the trial in Cr. No. 19-64 indefinitely, to allow Dougherty to exercise his Sixth Amendment right to his counsel of choice, and to resolve a potential conflict of interest involving his new attorney. ECF 482, Cr. No. 19-64. The Court held a status conference on May 4, 2023, at which time Gregory Pagano entered his appearance on behalf of defendant John Dougherty for Cr. No. 19-64 and

---

[2] On February 2, 2023, counsel for Dougherty filed a Motion to Dismiss in Cr. No. 19-64, which was filed under seal, based on the government's use of the CI. ECF 417, Cr. No. 19-64. A hearing on the motion, which is currently under advisement, was held on March 15, 2023. ECF 459, Cr. No. 19-64.

stated that he intended to represent John Dougherty in this matter as well. ECF 485, Cr. No. 19-64.

By letter to the Court dated May 19, 2023, Mr. Pagano, citing the amount of discovery in the case, and an unexpected family matter that required him to spend time out of state, requested a trial date in January 2024 for the trial of Cr. No. 19-64. After being notified of a second potential conflict involving Pagano and a former prospective client, the Court held a status hearing for June 7, 2023. ECF 495, Cr. No. 19-64. On June 15, 2023, the Court scheduled the trial in Cr. No. 19-64 for October 9, 2023 (with an alternative date of October 30, 2023). ECF 506, Cr. No. 19-64. Counsel for the government estimate that the trial of Cr. No. 19-64 will take approximately 6 weeks.

Counsel for Dougherty has informed the government that the earliest he could be prepared and available to try this case is March of 2024. Counsel for Gregory Fiocca informed the government that he is available in March of 2024.

For the reasons set forth above, it is further **ORDERED** that the time from July 6, 2022, to the new trial date should be excluded under the Speedy Trial Act, because the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants to speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

BY THE COURT:

**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  21 - 65 |
| JOHN DOUGHERTY<br>GREGORY FIOCCA | : | |

### JOINT MOTION FOR A TRIAL DATE

The parties jointly request a date for the trial of the above-captioned matter and the exclusion under the Speedy Trial Act of the period from July 6, 2022, to the trial date set by the Court, for the reasons set forth below.

### Background

On March 2, 2021, a grand jury sitting in the Eastern District of Pennsylvania returned a 19-count Indictment charging the above-named defendants with conspiracy to commit extortion, and extortion, in violation of 18 U.S.C. §§ 1951(a) and (b)(2).  The trial of this matter has been continued several times for good cause, as reflected in prior orders of the Court.

In April 2022, soon after the government produced a recording it intended to use at the trial of this matter, the defendants in this case filed motions to compel information and materials pertaining to the Confidential Informant (CI) who made the recording.  The events of April and May of 2022 are described in detail in a previous filing. ECF 84.  On May 10, 2022, this Court granted the Joint Motion of the parties for a continuance, and continued the trial from May 11, 2022, to July 6, 2022. ECF 85.

On June 15, 2022, the Court held a conference call with all counsel.  Following a discussion of pending discovery requests and other issues, the Court agreed to continue the trial

to July 11, 2022, to allow the defense additional time to pursue these requests and file pretrial motions prior to the commencement of trial. ECF 90.  On June 16, 2022, this Court entered an order continuing the trial from July 6, 2022, to July 11, 2022.  ECF 91.  Later that day, the Court entered an order continuing the trial from July 11, 2022, to July 12, 2022, due to a scheduling conflict.  ECF 92.

On June 17, 2022, Dougherty filed a motion to compel the government to produce certain documents relating to the CI.  ECF 93.  Defendant Gregory Fiocca joined in the motion on June 29, 2022. ECF 100.  On June 30 and July 6, 2022, the Court held evidentiary hearings on the defendants' motions to compel.  ECF 102, 106.  On July 7, 2022, the Court granted the motions to compel in part and ordered that "Jury selection and trial scheduled for July 12, 2022, is adjourned because of the ongoing exchange of discovery and the impending pretrial motion(s) that will be filed as a result thereof."  ECF 110, 111.

Counsel for Dougherty and government were engaged in plea negotiations encompassing this matter and Cr. No. 19-64 during the rest of July and during the first two weeks of August 2022.

On August 17, 2022, counsel for Dougherty filed a motion to withdraw from this matter and from Cr. No. 19-64.[3]  ECF 116. On September 2, 2022, the Court held a hearing on the motion.  ECF 120.  On September 6, 2022, the Court granted the motion, gave Dougherty thirty days to find new counsel, and stayed this case and Criminal Number 19-64 for 30 days. ECF 119.

---

[3]   On January 27, 2022, this Court continued the trial of Cr. No. 19-64 to September 12, 2022. ECF 316.  The most recent description of the procedural history of Cr. No. 19-64 is set forth in ECF 507, Cr. No. 19-64 (government's response to defendant Brian Burrows' motion to dismiss).

On September 8, 2022, the Court ruled that the trial of this matter "is not able to proceed to trial at this time and must be continued to a date in the future following the trial in Criminal Action No. 19-64," finding that "[t]he failure to order a continuance in this proceeding would be likely to result in a miscarriage of justice," and "the ends of justice served by continuing this trial outweigh the best interests of the public and all Defendants' speedy trial rights and, therefore, the period of delay from the entry of this Order until the new trial date shall be excluded under the Speedy Trial Act."  ECF 121.

On October 26, 2022, the government sent a letter to the Court and counsel, requesting that the Court consider appointing counsel for Dougherty, under certain conditions, if he failed to retain counsel by October 31.  On October 31, 2022, defendant Dougherty appeared before the Court and informed the Court that he had not retained new counsel.  ECF 127.

On November 2, 2022, the Court appointed Caroline Cinquanto to represent Dougherty in Criminal Number 19-64 and ordered Dougherty to pay $10,000 a month toward the cost of his defense.  ECF 372, Cr. No. 19-64.  On January 9, 2023, the Court continued the trial of Cr. No. 19-64 until April 24, 2023. ECF 407, Cr. No. 19-64.[4]

During a conference call with the Court in Cr. No. 19-64 on April 25, 2023, Gregory Pagano stated that he had reached an agreement with John Dougherty to represent him in this matter and Cr. No. 19-64.  ECF 476, Cr. No. 19-64.  On April 28, 2023, after being informed that Dougherty had recently acquired the funds to retain Mr. Pagano, the Court continued the trial in Cr. No. 19-64 indefinitely, to allow Dougherty to exercise his Sixth Amendment right to his counsel of choice, and to resolve a potential conflict of interest involving his new attorney. ECF

---

[4]      On February 2, 2023, counsel for Dougherty filed a Motion to Dismiss in Cr. No. 19-64, which was filed under seal, based on the government's use of the CI.   ECF 417, Cr. No. 19-64.  A hearing on the motion, which is currently under advisement, was held on March 15, 2023. ECF 459, Cr. No. 19-64.

482, Cr. No. 19-64. The Court held a status conference on May 4, 2023, at which time Gregory Pagano entered his appearance on behalf of defendant John Dougherty for Cr. No. 19-64 and stated that he intended to represent John Dougherty in this matter as well. ECF 485, Cr. No. 19-64. On June 27, 2023, Mr. Pagano entered his appearance on behalf of Dougherty in this matter. ECF 133.

By letter to the Court dated May 19, 2023, Mr. Pagano, citing the amount of discovery in the case, and an unexpected family matter that required him to spend time out of state, requested a trial date in January 2024 for the trial of Cr. No. 19-64. After being notified of a second potential conflict involving Mr. Pagano and a former prospective client, the Court held a status hearing for June 7, 2023. ECF 495, Cr. No. 19-64. On June 15, 2023, the Court scheduled the trial in Cr. No. 19-64 for October 9, 2023 (with an alternative date of October 30, 2023). ECF 506, Cr. No. 19-64. Undersigned counsel presently estimate that the trial of Cr. No. 19-64 will take approximately 6 weeks.

Counsel for the Dougherty has informed the government that the earliest he could be prepared and available to try this case is March of 2024. Counsel for Gregory Fiocca informed the government that he is available in March of 2024. Counsel for the government estimate that the trial of this matter should take approximately one week.

Suspension of time under the Speedy Trial Act from July 6, 2022, to the current trial date, is plainly warranted. Section 3161(h)(6) of the Speedy Trial Act makes excludable "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). *See United States v. Novak*, 715 F.2d 810, 815 (3d Cir. 1983) (under section 3161(h)(6), an exclusion that applies to one defendant applies to all codefendants). Section

3161(h)(1)(B) of the Act also excludes "delay resulting from trial with respect to other charges against the defendant."

The ends of justice served by granting the continuance outweigh the best interest of the public and the defendants to speedy trial. Accordingly, the parties respectfully requests that this Court set a trial date in this matter in March of 2024, and enter an order finding excludable delay from July 6, 2022, to the current trial date, for all the reasons set forth above. A proposed Order is attached.

                Respectfully submitted,

                JACQUELINE C. ROMERO
                United States Attorney

                */s/ Frank R. Costello, Jr.*
                FRANK R. COSTELLO, JR.
                JASON D. GRENELL
                Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for defendants Gregory Fiocca and John dougherty, who are identified below.

Rocco Cipparone
Counsel for Defendant Gregory Fiocca.

Gregory Pagano
Counsel for Defendant John Dougherty.

/s/Frank R. Costello, Jr.
FRANK R. COSTELLO
Assistant United States Attorney

Dated: July 5, 2023